CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN 24 2023

LAURA A. AUSTIN, CLERK
BY: s/ H. MCDONALD
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| WILLIAM L. SMITH, JR., | ) |
| Plaintiff, | ) Case No. 4:23-cv-00001 |
| v. | ) **MEMORANDUM OPINION** |
| LOUIS DEJOY, *Postmaster General*, | ) By:  Hon. Thomas T. Cullen <br> ) United States District Judge |
| Defendant. | ) |

This matter is before the court on Plaintiff William L. Smith, Jr.'s motion to proceed *in forma pauperis*. (ECF No. 1.) While the court finds that Plaintiff qualifies to proceed without prepaying fees or costs, exercising its authority under 28 U.S.C. § 1915(e)(2)(B), the court nevertheless finds that his complaint fails to state a claim. Accordingly, his request to proceed *in forma pauperis* will be granted, but his complaint will be dismissed without prejudice.

**I.**

Under 28 U.S.C. § 1915(e), which governs *in forma pauperis* proceedings, the court has a mandatory duty to screen initial filings. *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). The court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true

and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Additionally, Plaintiff is proceeding *pro se*, and for this reason his "complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (2007) (cleaned up). Nevertheless, his complaint must state a right to relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678. Moreover, "this liberal construction does not require the court to ignore clear defects in pleading" or to "conjure up questions never squarely presented in the complaint." *Jefferies v. UNC Reg'l Physicians Pediatrics*, 320 F. Supp. 3d 757, 759–61 (M.D.N.C. 2018).

## II.

Plaintiff's complaint represents the type of "clear defect[] in pleading" that requires dismissal, even under the liberal construction afforded to *pro se* pleadings. Plaintiff's complaint is completely devoid of factual allegations, and the court is left to guess what the underlying basis of his complaint is. His complaint reveals only that Plaintiff filed a grievance with his employer and the EEOC, but "nothing happened." (Compl. ¶ 9.E.) He does not allege the nature of his grievance or how he was discriminated against.[1] Without a bare minimum of

---

[1] In fact, the word "discrimination" does not appear anywhere in Plaintiff's form complaint. The court is only aware that he is alleging "illegal discrimination" because the attachment to the complaint—the notice of final action from the U.S. Postal Service advising Plaintiff of the Administrative Judge's final decision—indicates that Plaintiff accused his employer of "illegal discrimination." (*See* Compl. Ex. A [ECF No. 2-1].)

factual allegations, the court cannot conclude that Plaintiff has stated a claim. Accordingly, Plaintiff's complaint will be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . .").

### III.

For the foregoing reasons, Plaintiff's complaint will be dismissed. He may refile this action (and appurtenant motion to proceed *in forma pauperis*) if he is able and willing to plead the factual allegations underlying his complaint.[2]

The Clerk is directed to forward copies of this Memorandum Opinion and accompanying Order to Plaintiff.

**ENTERED** this 24th day of January, 2023.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[2] The court makes no determination on whether a proper complaint would otherwise be barred by the statute of limitations.